**HAINES LAW GROUP, APC**
Paul K. Haines (SBN 248226)
phaines@haineslawgroup.com
Sean M. Blakely (SBN 264384)
sblakely@haineslawgroup.com
Ruhandy Glezakos (SBN 307473)
rglezakos@haineslawgroup.com
222 N. Sepulveda Blvd., Suite 1550
El Segundo, California 90245
Tel: (424) 292-2350
Fax: (424) 292-2355

Attorneys for Plaintiffs

(*Additional Counsel on Next Page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MONIZ, as an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>    vs.<br><br>SERVICE KING, INC. a California corporation; SERVICE KING PAINT & BODY, LLC, a Texas limited liability company; and DOES 2 through 100,<br><br>          Defendants. | Case No.: 18-cv-07372-SVK-EJD<br><br>**SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT:**<br><br>**(1) MINIMUM WAGE VIOLATIONS (LABOR CODE §§ 1182.12, 1194, 1194.2, 1197);**<br><br>**(2) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, 1198);**<br><br>**(3) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516, 558);**<br><br>**(4) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, 558);**<br><br>**(5) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**<br><br>**(6) WAGE STATEMENT VIOLATIONS (LABOR CODE § 226 *et seq.*);**<br><br>**(7) CIVIL PENALTIES UNDER THE PRIVATE ATTORNEYS GENERAL ACT (LABOR CODE § 2698 *et seq.*); and** |

1

2

3

4

**(8) UNFAIR COMPETITION (BUS. & PROF. CODE § 17200 *et seq.*)**

**DEMAND FOR JURY TRIAL UNLIMITED CIVIL CASE**

5

*Additional counsel for Plaintiffs*

6

7

**LAW OFFICES OF ERIC A. BOYAJIAN, APC**
Eric A. Boyajian (SBN 236335)
Amaras Zargarian (SBN 293525)
9301 Wilshire Blvd., Suite 609
Beverly Hills, California 90210
Tel: (424) 330-2350
Fax: (424) 330-2351

8

9

10

11

12

13

**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone: (805) 270-7100
Facsimile: (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

14

15

16

17

18

19

20

21

**UNITED EMPLOYEES LAW GROUP, PC**
Walter L. Haines, Esq. (SBN 71075)
5500 Bolsa Avenue, Suite 201
Huntington Beach, California 92649
Telephone: (562) 256-1047
Fax: (562) 256-1006
walter@whaines.com

22

23

24

25

26

27

28

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiffs Erica Moniz, Hagop Ajemyan, Hugo Gutierrez, and Philip Gabriel (hereinafter "Plaintiffs"), on behalf of themselves and all others similarly situated, hereby bring this Second Amended Class and Representative Action Complaint ("Complaint") against Service King Paint & Body, LLC, a Texas limited liability company; and DOES 2 through 100, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## JURISDICTION

1.    Plaintiffs, on behalf of themselves and all others similarly situated, hereby bring this Complaint for recovery of unpaid wages and penalties under California Business and Professions Code § 17200 *et. seq.*, Labor Code §§ 201-204, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq.*, and Industrial Welfare Commission Wage Order 4 ("Wage Order 4"), in addition to seeking declaratory relief and restitution.

2.    This Complaint is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure. The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdictional limits of this Court and will be established according to proof at trial.

3.    This Court has jurisdiction over Defendants violations under the Class Action Fairness Act, 28 U.S.C. § 1332(d), 1446, and 1453.

## VENUE

4.    Venue is proper under 28 U.S.C. § 1391 because Defendants do business within the Central District of California. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. § 1391(c), because at least some of them operate businesses within the Central District of California.

## PARTIES

5.    Plaintiffs are individuals over the age of eighteen (18). At all relevant times herein, Plaintiffs were and currently are, California residents. During the four years immediately preceding the filing of the Complaint in this action and within

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

the statute of limitations periods applicable to each cause of action pled herein, Plaintiffs were employed by Defendants as non-exempt employees. Plaintiffs were, and are, victims of Defendants' policies and/or practices complained of herein, lost money and/or property, and have been deprived of the rights guaranteed by Labor Code §§ 201-204, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, 2698 *et seq.*; California Business and Professions Code § 17200 *et seq.*; and Wage Order 4, which sets employment standards for Professional, Technical, Clerical, Mechanical, and Similar Occupations.

6.    Plaintiffs are informed and believe, and based thereon allege, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and continue to do) business by operating automotive collision repair centers, and employed Plaintiffs and other, similarly-situated non-exempt employees within Santa Clara County and the state of California and, therefore, were (and are) doing business in Santa Clara County and the State of California.

7.    Plaintiffs do not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiffs will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiffs are informed and believe, and based thereon allege, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiffs and the Classes (as defined in Paragraph 15) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

8.    Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Defendants were and are the employers of Plaintiffs and all members of the Classes.

9.      At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment. Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

10.     At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise. Plaintiffs allege that all Defendants were joint employers for all purposes of Plaintiffs and all members of the Classes.

## GENERAL FACTUAL ALLEGATIONS

11.     Defendants operate over forty (40) repair centers in the State of California, and offer a wide range of automotive repair services, including major collision repairs, dent repair and removal, and auto glass repair.  Plaintiff Erica Moniz was employed by Defendants until approximately the end of October 2015 in the non-exempt position of Service Advisor, "Estimator," or "Writer" (hereinafter referred to as Service Advisor).  Plaintiff Erica Moniz worked at Defendants' San Jose location. Plaintiff Erica Moniz's primary job responsibilities as a Service Advisor included preparing estimates for damaged vehicles, initiating and completing repair orders, and providing customer service to Defendants' customers.

12.     Plaintiff Hagop Ajemyan worked at Defendants' Atwater Village location. Plaintiff Hagop Ajemyan was employed by Defendants from approximately December 2016 through July 2018 in the non-exempt position of Service Advisor.

13.    Plaintiff Hugo Gutierrez worked at Defendants' Van Nuys location. Plaintiff Hugo Gutierrez was employed by Defendants from approximately July 2017 through June 2018 in the non-exempt position of Service Advisor.

14.    Plaintiff Philip Gabriel was employed by Defendants from approximately August 2017 to approximately November 3, 2018 in the non-exempt position of Head Painter.  Plaintiff Philip Gabriel worked at Defendants' location in Placentia, California.

15.    During Plaintiffs' employment with Defendants, Plaintiffs and other non-exempt employees, including but not limited to: Service Advisors, Body Technicians, and Painters were paid pursuant to pay plans on a commission or piece-rate basis, whereby they were paid a commission and/or piece-rate based on completed sales and repairs.

16.    During Plaintiffs' employment with Defendants, Plaintiffs were required to record their hours worked, by clocking in and clocking out at the beginning and end of their workday, however, they were only paid an hourly minimum wage if their earned commissions and/or piece-rate wages did not exceed their minimum wages for the pay period. Because Defendants' pay system is simply a subterfuge for a commission and/or piece-rate compensation system, Plaintiffs and other non-exempt employees paid pursuant to Defendants' piece-rate/commission pay plans were not separately compensated for time spent working on tasks which were not compensated on a piece-rate or commission basis, including, but not limited to, hours spent attending meetings and performing administrative tasks (i.e. non-productive time).

17.    As a result of Plaintiffs being paid on a commission and/or piece-rate basis, Defendants failed to properly calculate Plaintiffs' regular rate of pay for purposes of calculating overtime compensation.  As a result, Plaintiffs were not properly compensated at one and a half times their regular rate of pay for hours worked in excess of 8 hours per day and/or 40 hours per week, and were therefore

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

deprived of all overtime compensation.

18.    While working on a piece-rate/commission only basis, Plaintiffs worked shifts in excess of 3.5 hours, and were not provided with a paid rest period for every 4-hour period worked, or major fraction thereof, because Defendants' failed to separately compensate Plaintiffs for required rest periods.

19.    As a result of Defendants' failure to pay all minimum and overtime wages, as well as rest and meal period premium wages, Defendants failed to pay all wages owed to Plaintiffs upon their separation of employment with Defendants.

20.    Furthermore, as a result of Defendants' unlawful policies and/or practices described above, they failed to furnish Plaintiffs and their other employees non-exempt with accurate itemized statements in violation of Section 226(a). Moreover, Defendants are in violation of section 226(a) given that Defendants have failed to furnish to their employees accurate itemized statements in writing showing the name and address of the legal entity that is the employer.

21.    Furthermore, due to Defendants' meal period policies/practices, Defendants have systematically failed to provide Plaintiffs and putative class members with all first meal periods, as Plaintiffs allege that they were not always provided with legally compliant meal periods prior to the completion of the fifth hour of work, and on occasions, were required to punch out for a meal period but were required to remain working off the clock.   Additionally, when working shifts in excess of 10.0 hours, Plaintiffs and other non-exempt employees were not provided with a second 30 minute meal period prior to the completion of 10.0 hours of work.   In the event that a legally compliant meal period was not in fact provided, Plaintiffs were not always paid a meal period premium as required by Labor Code § 226.7, and when they were, the meal period premium was paid at the base rate of pay and not the regular rate of pay as required by Section 226.7.

## CLASS ACTION ALLEGATIONS

22.    **Class Definitions**: Plaintiffs bring this action on behalf of themselves

and the following Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure:

a. The <u>Minimum Wage Class</u> consists of all of Defendants' current and former non-exempt employees in California with the job title of Service Advisor, Painter, and/or Body Technician from September 25, 2014 through the present, excluding all persons who participated in the settlement in the case of *Roman et al. v. Service King Paint & Body, LLC*, No. CIVDS1602618 from the settlement period of February 24, 2012 through December 8, 2016.

b. The <u>Overtime Class</u> consists of all of Defendants' current and former non-exempt employees in California who worked over 8.0 hours in a day and/or 40.0 hours in a week, with the job title of Service Advisor, Painter, and/or Body Technician from September 25, 2014 through the present, excluding all persons who participated in the settlement in the case of *Roman et al. v. Service King Paint & Body, LLC*, No. CIVDS1602618 from the settlement period of February 24, 2012 through December 8, 2016.

c. The <u>Rest Period Class</u> consists of all of Defendants' current and former non-exempt employees in California with the job title of Service Advisor, Painter, and/or Body Technician from September 25, 2014 through the present, excluding all persons who participated in the class action settlement in the case of *Roman et al. v. Service King Paint & Body, LLC*, No. CIVDS1602618 from the settlement period of February 24, 2012 through December 8, 2016.

d. The <u>Meal Period Class</u> consists of all of Defendants' current and former non-exempt employees in California with the job title of Service Advisor, Painter, and/or Body Technician from December 21, 2014 through the present, and who worked at least one shift in excess

of 5.0 hours, excluding all persons who participated in the settlement in the case of *Roman et al. v. Service King Paint & Body, LLC*, No. CIVDS1602618 from the settlement period of February 24, 2012 through December 8, 2016.

e.    The <u>Waiting Time Class</u> consists of all formerly employed members of the Minimum Wage Class, Overtime Class, and/or Rest Period Class, who separated their employment from Defendants between September 25, 2015 through the present, excluding all persons who participated in the settlement in the case of *Roman et al. v. Service King Paint & Body, LLC*, No. CIVDS1602618 from the settlement period of February 24, 2012 through December 8, 2016.

f.    The <u>Wage Statement Class</u> consists of all of Defendants' current and former employees in California who held the position of Service Advisor, Painter, and/or Body Technician, from December 21, 2017 through the present.

23.    **Numerosity/Ascertainability**: The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the members of each of the Classes number greater than one hundred (100) individuals. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

24.    **Common Questions of Law and Fact Predominate/Well Defined Community of Interest**: There are common questions of law and fact as to Plaintiffs and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.    Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 1182.12, 1194, 1194.2 and 1197 by failing to pay all members of the Minimum Wage Class at least the

minimum wage for all hours worked;

ii. Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

iii. Whether Defendants authorized and permitted all legally compliant rest periods to members of the Rest Period Class pursuant to Labor Code §§ 226.7 and 516;

iv. Whether Defendants' polices and/or practices for the timing and amount of payment of final wages to members of the Waiting Time Class at the time of their separation of employment were lawful;

v. Whether Defendants furnished legally compliant wage statements to members of the Wage Statement Class pursuant to Labor Code § 226;

vi. Whether Defendants provided legally compliant meal periods to members of the Meal Period Class pursuant to Labor Code §§ 226.7 and 512;

vii. Whether Defendants provided meal period premium payments for non-compliant meal periods pursuant to Labor Code § 226.7.

25. **Predominance of Common Questions**: Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as Defendants' uniform piece rate/commission compensation plans and rest period policies/practices. As such, the common questions predominate over individual questions concerning each individual class member's showing as to their eligibility for recovery or as to the amount of their damages.

26. **Typicality**: The claims of Plaintiffs are typical of the claims of the Classes because Plaintiffs were employed by Defendants as non-exempt employees

in California during the statute(s) of limitations period applicable to each cause of action pled in the Complaint. As alleged herein, Plaintiffs, like the members of the Classes, were deprived of all earned minimum and overtime wages, were not authorized and permitted all required rest periods, were not provided all meal periods, and did not receive all final wages owed to them upon their separation of employment with Defendants.

27.    **Adequacy of Representation**: Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes. Moreover, Plaintiffs' attorneys are ready, willing, and able to fully and adequately represent the members of the Classes and Plaintiffs. Plaintiffs' attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

28.    **Superiority**: The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiffs and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Moreover, requiring each member of the Class(es) to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real

and justifiable fear of retaliation and permanent damages to their careers at subsequent employment. Further, the prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual class members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto. As such, the Classes are maintainable as classes under Rule 23 of the Federal Rules of Civil Procedure.

<u>**FIRST CAUSE OF ACTION**</u>

**MINIMUM WAGE VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

29.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

30.    Wage Order 4, § 4 and Labor Code §§ 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law. Labor Code §§ 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code § 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest thereon. At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law by failing to pay Plaintiffs and members of the Minimum Wage Class for all hours worked, including, but not limited to, all hours they were subject to Defendants' control and/or were suffered or permitted to work under the

Labor Code and Wage Order 4.

31.    At all relevant times herein, Defendants failed to conform their pay practices to the requirements of the law.  This unlawful conduct includes, but is not limited to Defendants' uniform piece-rate/commission compensation structure for Plaintiffs and members of the Minimum Wage Class, which resulted in these individuals only being paid on Defendants' piece-rate/commission-based system, as opposed to being paid for all hours actually worked.  Accordingly, Plaintiffs and Minimum Wage Class members were not paid at least the legal minimum wage for all hours actually worked.

32.    California Labor Code § 1198 makes unlawful the employment of an employee under conditions that the Industrial Welfare Commission prohibits. California Labor Code §§ 1194(a) and 1194.2(a) provide that an employer who has failed to pay its employees the legal minimum wage is liable to pay those employees the unpaid balance of the unpaid wages as well as liquidated damages in an amount equal to the wages due and interest thereon.

33.    As a direct and proximate result of Defendants' unlawful conduct as alleged herein, Plaintiffs and the Minimum Wage Class have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount to be established at trial, and they are entitled to recover economic and statutory damages and penalties and other appropriate relief as a result of Defendants' violations of the California Labor Code and Wage Order 4.

34.    Defendants' practice and uniform administration of corporate policy regarding illegal employee compensation is unlawful and creates an entitlement to recovery by Plaintiffs and members of the Minimum Wage Class in a civil action for the unpaid amount of minimum wages, liquidated damages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to California Labor Code §§ 204, 210, 216, 1194 *et seq*., and 1198; and Code of Civil Procedure § 1021.5.

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

35.    As a consequence of Defendants' non-payment of minimum wages, Plaintiffs and members of the Minimum Wage Class seek penalties pursuant to the Wage Order 4, § 20(A) and California Labor Code § 1199; interest pursuant to California Labor Code §§ 218.6 and 1194 and Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2; attorneys' fees and costs of suit pursuant to California Labor Code § 1194 *et seq.*; and damages and/or penalties pursuant to California Labor Code § 558(a).

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL OVERTIME WAGES**

**(AGAINST ALL DEFENDANTS)**

36.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

37.    This cause of action is brought pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

38.    At all times relevant herein, Defendants were required to properly compensate non-exempt employees, including Plaintiffs and members of the Overtime Class, for all overtime hours worked pursuant to Labor Code § 1194 and Wage Order 4. Wage Order 4, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of eight hours per workday and/or in excess of forty hours of work in the workweek. Wage Order 4, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of twelve hours each work day and/or for work in excess of eight hours on the seventh consecutive day of work in the workweek. Defendants caused Plaintiffs to work overtime hours, but did not compensate Plaintiffs or members of the Overtime Pay Class at one and one half

times their regular rate of pay for such hours.

39.     Defendants' policy/practice of requiring overtime work and not paying at the proper overtime rates for said work violates Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198; and Wage Order 4.

40.     The foregoing policies/practices alleged herein are unlawful and create entitlement to recovery by Plaintiffs and the members of the Overtime Class in a civil action for the unpaid amount of overtime wages, including interest thereon, statutory penalties, civil penalties, attorneys' fees, and costs of suit according to Labor Code §§ 204, 210, 216, 510, 558, 1194, and 1198; and Code of Civil Procedure § 1021.5.

## THIRD CAUSE OF ACTION
## REST PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

41.     Plaintiffs re-allege and incorporate by reference all previous paragraphs.

42.     Wage Order 4, § 12 and Labor Code §§ 226.7 and 516 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

43.     As alleged herein, Defendants failed to separately compensate Plaintiffs and members of the Rest Period Class for each rest period to which they were entitled while working pursuant to piece-rate/commission compensation plans.

44.     The foregoing violations create an entitlement to recovery by Plaintiffs and members of the Rest Period Class in a civil action for the unpaid amount of rest period premiums owing, including interest thereon, statutory penalties, civil penalties, and costs of suit according to Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

## FOURTH CAUSE OF ACTION
## MEAL PERIOD VIOLATIONS
## (AGAINST ALL DEFENDANTS)

45.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

46.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed in their affirmative obligation to provide all of their non-exempt employees in California, including Plaintiffs and members of the Meal Period Class, with all legally compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 4, § 11. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiffs and members of the Meal Period Class at their respective regular rates of pay, in accordance with California Labor Code §§ 204, 210, 226.7, and 512, or when such pay was made, it was not made at the legally required regular rate of pay.

47.    As a result, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 4, including interest thereon, statutory penalties, civil penalties, and costs of suit.

## FIFTH CAUSE OF ACTION
## WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS)

48.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

49.    This cause of action is brought pursuant to Labor Code §§ 201-203, which require an employer to pay all wages immediately at the time of separation of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of their intent to quit. In the event the employee provides less than 72 hours of notice of their intent to quit, said employee's wages

become due and payable not later than 72 hours upon said employee's last date of employment.

50.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to timely pay Plaintiffs and members of the Waiting Time Penalty Class all final wages due to them at their separation from employment, including all unpaid minimum and overtime wages, and rest period premium wages. Further, Plaintiffs are informed and believe, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiffs and members of the Waiting Time Penalty Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203.

51.    Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203. Defendants' willful failure to timely pay Plaintiffs and the members of the Waiting Time Penalty Class their earned wages upon separation from employment results in a continued payment of wages up to thirty days from the time the wages were due.

52.    Therefore, Plaintiffs and members of the Waiting Time Penalty Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION
## WAGE STATEMENT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

53.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

54.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiffs and members of the Wage Statement Class with complete and accurate wage statements that did not include, among other things, the correct

gross wages earned, the correct total hours worked, the correct deductions, the correct net wages earned, or the correct applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. Defendants also failed to furnish accurate itemized statements showing the correct name and address of the legal entity that is the employer. As a result, Defendants have violated Labor Code § 226 *et seq*.

55.    Defendants' failures in furnishing Plaintiffs and members of the Wage Statement Class with complete and accurate itemized wage statements resulted in actual injury.  As stated above, Defendants' policies and/or practices led to, among other things, the non-payment of all meal period premium wages, rest period premium wages, overtime pay, and minimum wages, which deprived employees of the information necessary to identify the discrepancies in Defendants' reported data and whether they have been paid all wages earned.

56.    Defendants' failures create an entitlement to recovery by Plaintiffs and members of the Wage Statement Class in a civil action for all damages and/or penalties pursuant to Labor Code § 226 *et seq*., including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq*.

## SEVENTH CAUSE OF ACTION
## PRIVATE ATTORNEYS GENERAL ACT
## (AGAINST ALL DEFENDANTS)

57.    Plaintiffs re-allege and incorporate by reference all prior paragraphs as though fully set forth herein.

58.    Defendants have committed several Labor Code violations against Plaintiffs, members of the Classes, and other aggrieved employees. Plaintiffs, each as an "aggrieved employee" within the meaning of Labor Code § 2698 *et seq*. ("PAGA"), acting on behalf of themselves and other aggrieved employees, bring this representative action against Defendants to recover the civil penalties due to

Plaintiffs, the members of the Classes, other aggrieved employees, and the State of California, from December 26, 2017 through the present, according to proof pursuant to Labor Code § 558 and § 2699 (a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (3) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; and/or (4) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, based on the following Labor Code violations:

    a. Failing to pay Plaintiffs, the Overtime Class, and other aggrieved employees all earned overtime compensation in violation of Labor Code §§ 204, 510, 558, 1194, and 1198;

    b. Failing to provide all legally required meal periods, and failure to pay meal period premium wages, to Plaintiffs, the Meal Period Class, and other aggrieved employees at the regular rate of compensation in violation of Labor Code §§ 226.7, 512, 558, and 1198;

    c. Failing to authorize and permit all required rest periods, and failure to pay rest period premium wages, to Plaintiffs, and other aggrieved employees at the regular rate of compensation in violation of Labor Code §§ 226.7, 512, 558, and 1198;

    d. Failing to furnish Plaintiffs, the Wage Statement Class, and other aggrieved employees with complete, accurate, itemized wage statements in violation of Labor Code § 226;

    e. Failing to timely pay all wages and compensation earned during

employment by Plaintiffs, and other aggrieved employees at the time of separation in violation of Labor Code § 204;

f.  Failing to maintain accurate records on behalf of Plaintiffs and other aggrieved employees in violation of Labor Code §§ 558 and 1174.

59.    On December 26, 2018, Plaintiffs Hagop Ajemyan and Hugo Gutierrez notified Defendants via certified mail, and notified the California Labor and Workforce Development Agency ("LWDA") via its website, of Defendants' violations of the California Labor Code and Plaintiffs' intent to bring a claim for civil penalties under California Labor Code § 2698 *et seq.* with respect to violations of the California Labor Code identified in Paragraph 58 (a)-(f). Now that sixty-five days have passed from Plaintiffs' notifying Defendants and the LWDA of these violations, and the LWDA has not provided notice that it intends to investigate the violations, Plaintiffs have exhausted their administrative requirements for bringing a claim under the Private Attorneys General Act with respect to these violations.

60.    Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and the interests of other aggrieved employees, and to assess and collect the civil penalties owed by Defendants.  Plaintiffs thereby incurred attorneys' fees and costs, which they are entitled to receive under California Labor Code § 2699(g).

## EIGHTH CAUSE OF ACTION
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

61.    Plaintiffs re-allege and incorporate by reference all previous paragraphs.

62.    Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of Business and Professions Code § 17200 *et seq.*, by failing to properly pay all minimum and overtime wages, failing to authorize and permit all required rest periods, failure to provide all meal

periods, and failing to timely pay all final wages to employees upon separation of employment. The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

63.   Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiffs and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

64.   Because Plaintiffs are victims of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiffs for themselves and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired, and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

65.   Plaintiffs were compelled to retain the services of counsel to file this court action to protect their interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiffs have thereby incurred the financial burden of attorneys' fees and costs, which they are entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiffs pray for judgment for themselves and for all others on whose behalf this suit is brought against Defendants, as follows:

1.   For an order certifying the proposed Classes;

2.   For an order appointing Plaintiffs as representatives of the Classes;

3.   For an order appointing Counsel for Plaintiffs as Counsel for the Classes;

4.   Upon the First Cause of Action, for payment of minimum wages,

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

5.    Upon the Second Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

6.    Upon the Third Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

7.    Upon the Fourth Cause of Action, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512 and 558;

8.    Upon the Fifth Cause of Action, for statutory waiting time penalties pursuant to Labor Code § 201-203;

9.    Upon the Sixth Cause of Action, for statutory penalties pursuant to Labor Code § 226 *et. seq.*;

10.    Upon the Seventh Cause of Action, for civil penalties due to Plaintiffs, other aggrieved employees, and the State of California according to proof pursuant to Labor Code § 2699(a) and (f) including, but not limited to: (1) $100.00 for each initial violation for each failure to pay each employee and $200 for each subsequent violation or willful or intentional violation pursuant to Labor Code § 210 for each failure to pay each employee, plus 25% of the amount unlawfully withheld; (2) $100.00 for each initial violation and $250.00 for each subsequent violation pursuant to Labor Code § 1197.1 per employee per pay period; (3) $250.00 for each initial violation and $1,000.00 for each subsequent violation pursuant to Labor Code § 226.3 per employee per pay period; and/or (4) $100.00 for each initial violation and $200 for each subsequent violation per employee per pay period for those violations of the Labor Code for which no civil penalty is specifically provided, based on the violations of Labor Code sections cited in Paragraph 59 (a)-(f) above;

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT

11.     Upon the Eighth Cause of Action, for restitution to Plaintiffs and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business & Professions Code § 17200 *et seq*.;

12.     Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13.     On all causes of action, for attorneys' fees and costs as provided by Labor Code § 1194 *et seq*., and Code of Civil Procedure § 1021.5; and

14.     For such other and further relief the Court may deem just and proper.

Respectfully submitted,

Dated: May 10, 2019

By:    _/s/ Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Respectfully submitted,

Dated: May 10, 2019          HAINES LAW GROUP, APC

By:    _/s/ Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiffs

SECOND AMENDED CLASS AND REPRESENTATIVE ACTION COMPLAINT